**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
............................................................................... X

NICOLE STEWART, ELIZABETH
AGRAMONTE, and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

                      Plaintiffs,

          -against-

HAIN CELESTIAL GROUP, INC.,

                      Defendant.
............................................................................... X

SALLY BREDBERG and REBECCA
BROMBERG, individually and on behalf of
all others similarly situated,

                      Plaintiffs,

          -against-

THE HAIN CELESTIAL GROUP, INC.,

                      Defendant.
............................................................................... X

ALYSSA MAYS, individually and on behalf
of all others similarly situated,

                      Plaintiffs,

          -against-

HAIN CELESTIAL GROUP, INC.,

                      Defendant.
............................................................................... X

**CONSOLIDATION ORDER**
Case No.: 21-CV-0678 (JS)(AYS)

Case No.: 21-CV-0758

Case No.: 21-CV-0805

```
.......................................................... X
MICHELLE WALLS, on behalf of herself
and all others similarly situated; and N.W.,
a minor child, by his parent and general
guardian Michelle Walls, on behalf of himself
and all others similarly situated,
```

                        Plaintiffs,

                -against-                                Case No.: 21-CV-0870

```
BEECH-NUT NUTRITION COMPANY;
THE HAIN CELESTIAL GROUP, INC.;
NURTURE, INC. D/B/A HAPPY FAMILY
ORGANICS; GERBER PRODUCTS
COMPANY; and PLUM PBC.,
```

                        Defendants.

```
.......................................................... X
LEE BOYD, individually and on behalf of all
others similarly situated,
```

                        Plaintiff,

                -against-                                Case No.: 21-CV-0884

```
HAIN CELESTIAL GROUP, INC.,
```

                        Defendant.

```
.......................................................... X
KELLY MCKEON, RENEE BRYAN, and
MARILYN CARSON, individually and on
behalf of all others similarly situated,
```

                        Plaintiffs,

                -against-                                Case No.: 21-CV-0938

```
HAIN CELESTIAL GROUP, d/b/a
Earth's Best Organics,
```

                        Defendant.

```
.......................................................... X
```

```
.................................................. X
```
LEIBA BAUMGARTEN, individually and on
behalf of all others similarly situated,

       Plaintiff,

   -against-           Case No.: 21-CV-0944

THE HAIN CELESTIAL GROUP, INC.,

       Defendant.
```
.................................................. X
```
CHARLOTTE WILLOUGHBY,

       Plaintiff,

   -against-           Case No.: 21-CV-0970

HAIN CELESTIAL GROUP, d/b/a
Earth's Best Organics,

       Defendant.
```
.................................................. X
```

**SEYBERT**, District Judge:

   **WHEREAS**, there are five (5) putative class actions pending before the undersigned against The Hain Celestial Group, Inc. ("Hain") asserting violations of various state consumer protection laws and statutes arising out of allegations that Hain engaged in deceptive business practices with respect to its baby food products by failing to disclose that the products contain levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury.  <u>See</u> <u>Stewart et al. v. Hain Celestial Group, Inc.</u>, No. 21-CV-0678 (the "<u>Stewart Action</u>"); <u>Bredberg et al. v. The Hain Celestial Group, Inc.</u>, No. 21-CV-0758 (the "<u>Bredberg Action</u>"); <u>Boyd v. Hain Celestial Group, Inc.</u>, No. 21-CV-0884 (the "<u>Boyd Action</u>"); <u>Galloway v. Hain Celestial Group, Inc.</u>, No. 21-CV-1067 (the "<u>Galloway Action</u>"); and <u>Baccari et al. v. Hain Celestial Group, Inc.</u>, No. 21-CV-1076 (the "<u>Baccari Action</u>").

**WHERAS**, in addition to the <u>Stewart Action</u>, the <u>Bredberg Action</u>, the <u>Boyd Action</u>, the <u>Galloway Action</u>, and the <u>Baccari Action</u>, there are eleven (11) similar putative class actions pending in this District against Hain (for a total of sixteen (16)) alleging violations of various state statutes and common law based on the same or similar facts and issues of law: <u>Zorrilla v. Hain Celestial Group, Inc.</u>, No. 21-CV-1062; <u>Lopez-Sanchez v. Hain Celestial Group, Inc.</u>, No. 21-CV-1045; <u>Albano v. Hain Celestial Group, Inc.</u>, No. 21-CV-1118 (the "<u>Albano Action</u>"); <u>Hanson v. Hain Celestial Group, Inc.</u>, No. 21-CV-1269; <u>Lawrence v. Hain Celestial Group, Inc.</u>, No. 21-CV-1287 (the "<u>Lawrence Action</u>"); <u>Walls v. Beech Nut Nutrition Company, et al.</u>, No. 21-CV-0870 (the "<u>Walls Action</u>"); <u>Mays v. Hain Celestial Group, Inc.</u>, No. 21-CV-0805; <u>Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics</u>, No. 21-CV-0970 (the "<u>Willoughby Action</u>"); <u>McKeon et al. v. Hain Celestial Group, d/b/a Earth's Best Organics</u>, No. 21-CV-0938 (the "<u>McKeon Action</u>"); <u>Baumgarten v. The Hain Celestial Group, Inc.</u>, No. 21-CV-0944; and <u>Henry v. Hain Celestial Group, Inc.</u>, No. 21-CV-1293.

**WHEREAS**, the Plaintiffs in the <u>Stewart Action</u> filed a motion to consolidate all sixteen (16) cases, referenced above, in the <u>Stewart Action</u>, the first-filed action, before the undersigned. (Stewart Pls. Mot., ECF No. 19; Stewart Pls. Br., ECF No. 19-1; Stewart Pls. Replies, ECF Nos. 39 & 43; Pollack Decl., ECF No. 40.)[1]

**WHEREAS**, Hain contests the allegations asserted against it but does not oppose consolidation; however, Hain objects to consolidation of actions asserting product liability claims or personal injury claims, including the <u>Walls Action</u>. (Hain Resp., ECF No. 28.)

---

[1] Unless otherwise indicated, all docket citations refer to the <u>Stewart Action</u> docket. Note, however, that the <u>Stewart Plaintiffs</u> filed their motion to the dockets in the <u>Bredberg Action</u> at ECF No. 11, the <u>Boyd Action</u> at ECF No. 8, the <u>Galloway Action</u> at ECF No. 2, and the <u>Baccari Action</u> at ECF No. 6.

**WHEREAS**, the plaintiffs in the <u>Willoughby Action</u> and the <u>McKeon Action</u> do not oppose consolidation.  (Willoughby Pl. Resp., ECF No. 26; McKeon Pls. Resp., ECF No. 27.)

**WHEREAS**, the plaintiffs in the <u>Walls Action</u> and the <u>Albano Action</u> oppose consolidation.  (Walls Pl. Resp., ECF No. 36; Albano Pl. Resp., <u>Albano Action</u> Dkt., ECF No. 20.)

**WHEREAS**, Gerber Products Company, a defendant in the <u>Walls Action</u>, the <u>Albano Action</u>, and the <u>Lawrence Action</u>, moved to intervene for the limited purpose of opposing consolidation, arguing that it intends to file a motion to (1) sever the claims asserted against it and (2) transfer the claims to the District of New Jersey.  (Gerber Mot., ECF No. 32; Gerber Br., ECF No. 33.)

**WHEREAS**, Plum, PBC, a defendant in the <u>Walls Action</u>, filed an objection to Plaintiffs' motion to consolidate.  (Plum Obj., ECF No. 35.)

**WHEREAS**, Nurture Inc., a defendant in the <u>Walls Action</u>, the <u>Albano Action</u>, and the <u>Lawrence Action</u>, filed an opposition to the consolidation motion, arguing that the plaintiffs "fail to show that consolidation of the claims against multiple defendants is appropriate," among other arguments.  (Nurture Opp., ECF No. 37.)

**WHEREAS**, Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact."  Courts have "'broad discretion' to determine whether to consolidate actions."  <u>Breakwater Trading LLC v. JPMorgan Chase & Co.</u>, No. 20-CV-3515, 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284 (2d Cir. 1990)).  In determining whether to consolidate actions, courts may consider "judicial economy," which favors consolidation, but must ensure that consolidation will not jeopardize "a fair and impartial trial."  <u>Johnson</u>, 899 F.2d at 1285.

**WHEREAS**, upon due consideration of the parties' submissions, the Court finds that entry of this Order will promote judicial economy, avoid duplicative proceedings, and streamline adjudication of related matters.

**Accordingly**, **IT IS HEREBY ORDERED THAT:**

1. Gerber Products Company's motion to intervene for the limited purpose of opposing consolidation (ECF No. 32) is **GRANTED**, as provided herein; and, upon due consideration, Plaintiffs' motion to consolidate (ECF No. 19) is **GRANTED** in part and **DENIED** in part, as provided herein; and

2. The following actions, asserting violations of various state consumer protection laws and statutes arising out of allegations that Hain engaged in deceptive business practices with respect to its baby food products by failing to disclose that the products contain levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury, are hereby **CONSOLIDATED** before the undersigned and shall proceed under lead Case No. 21-CV-0678 as follows: In re Hain Celestial Heavy MetalsBaby Food Litigation, Case No. 21-CV-0678 (the "Consolidated Action"). **All future filings shall be docketed in lead Case No. 21-CV-0678.** For the avoidance of doubt, at this time, the following cases in this District are to be consolidated:

    a) Stewart et al. v. Hain Celestial Group, Inc., No. 21-CV-0678;

    b) Bredberg et al. v. The Hain Celestial Group, Inc., No. 21-CV-0758;

    c) Boyd v. Hain Celestial Group, Inc., No. 21-CV-0884;

    d) Mays v. Hain Celestial Group, Inc., No. 21-CV-0805;

    e) Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics, No. 21-CV-0970;

    f) McKeon v. Hain Celestial Group, d/b/a Earth's Best Organics, No. 21-CV-0938;

g) <u>Baumgarten v. The Hain Celestial Group, Inc.</u>, No. 21-CV-0944;

h) <u>Zorrilla v. Hain Celestial Group, Inc.</u>, No. 21-CV-1062;

i) <u>Lopez-Sanchez v. Hain Celestial Group, Inc.</u>, No. 21-CV-1045;

j) <u>Galloway v. Hain Celestial Group, Inc.</u>, No. 21-CV-1067;

k) <u>Baccari et al. v. Hain Celestial Group, Inc.</u>, No. 21-CV-1076;

l) <u>Hanson v. Hain Celestial Group, Inc.</u>, No.21-CV-1269;

m) <u>Henry v. Hain Celestial Group, Inc.</u>, No. 21-CV-1293; and

3.      The portion of Plaintiffs' motion seeking to consolidate the Plaintiffs' consumer protection-related claims against Hain <u>only</u> in the <u>Albano Action</u>, Case No. 21-CV-1118 (Azrack, J.) and the <u>Lawrence Action</u>, Case No. 21-CV-1287 (Komitee, J.) is **DENIED**, without prejudice and leave to renew at such a time as (1) the respective courts rule on any forthcoming severance and/or transfer motion, or (2) the parties request reassignment of their respective case to, and raise the issues before, the undersigned; and

4.      Any and all personal injury and product liability claims for non-economic damages (collectively, the "PI Claims") asserted against Hain in the above-listed actions, including the <u>Walls Action</u>, No. 21-CV-0938, **<u>shall not</u>** be asserted in the Consolidated Action. Any and all such PI Claims against Hain which arise out of the same or similar facts as alleged in the Consolidated Actions shall be asserted in a separate action. Accordingly, the portion of Plaintiffs' motion seeking to consolidate the <u>Walls Action</u> is **DENIED**, without prejudice and leave to renew at such a time as (1) the respective court rules on any severance and/or transfer motion, or (2) the parties request reassignment of their respective case to, and raise the issues before, the undersigned; and

5.      Any actions filed, transferred, or removed to this District after the date of this Order that assert consumer protection type claims against Hain, and rise out of the same or similar facts, **shall be subject to consolidation with the Consolidated Action for all pre-trial purposes. A party seeking consolidation in accordance with this Order may do so by letter motion and reference this Order**. If the Court determines that the case is related and should be consolidated, the Clerk of the Court shall be directed to:

a) Assign each subsequently filed action a new case number ("Newly-Filed Action") to proceed before the undersigned and Magistrate Judge Anne Y. Shields;

b) Docket this Order in the Newly-Filed Action;

c) Consolidate each Newly-Filed Action with the Consolidated Action and make an appropriate entry on the Consolidated Action's docket so indicating;

d) Administratively close each Newly-Filed Action; and

6.      Every pleading in In re Hain Celestial Heavy Metals Baby Food Litigation, Case No. 21-CV-0678, shall bear the following (or substantially similar) caption:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re HAIN CELESTIAL HEAVY** | ) | |
| **METALS BABY FOOD LITIGATION** | ) | **Case No.: 2:21-CV-0678-JS-AYS** |
| | ) | |
| | ) | |
| **This Document Relates To:** | ) | |

7.      When a pleading is intended to be applicable to all actions in the Consolidated Action, the words "All Actions" shall appear immediately after the words "This Document Relates to:" in the caption set forth above. When a pleading is intended to be applicable to some, but not all, of such actions, the parties shall indicate the individual docket number(s) and the plaintiffs' names that are applicable; and

8.    Motions to appoint interim lead counsel pursuant to Federal Rule of Civil Procedure 23(g) shall be filed within fourteen (14) days from the date of this Order; and

9.    The Court will issue a deadline for interim lead counsel to file a Consolidated Amended Complaint within forty-five (45) days after its ruling on the appointment of interim lead counsel.

## CONCLUSION

**Accordingly, IT IS HEREBY ORDERED** that Gerber Products Company's motion to intervene for the limited purpose of opposing consolidation (ECF No. 32) is **GRANTED**, as provided herein; and, Plaintiffs' motion to consolidate (ECF No. 19) is **GRANTED** in part and **DENIED** in part, as provided herein; and

**IT IS FURTHER ORDERED** that the cases outlined in paragraph 2 (pages 6-7), above, are hereby **CONSOLIDATED** before the undersigned and shall proceed under lead Case No. 21-CV-0678 as follows: In re Hain Celestial Heavy MetalsBaby Food Litigation. **All future filings shall be docketed in lead Case No. 21-CV-0678**; and

**IT IS FURTHER ORDERED** that, at this time, the Albano Action, No. 21-CV-1118, the Lawrence Action, No. 21-CV-1287, and the Walls Action, No. 21-CV-0938 **shall not** be consolidated with lead Case No. 21-CV-0678; and

**IT IS FURTHER ORDERED** that motions to appoint interim lead counsel pursuant to Federal Rule of Civil Procedure 23(g) shall be filed within fourteen (14) days from the date of this Order; and

**IT IS FURTHER ORDERED** that the Clerk of the Court is respectfully directed to docket this Order in <u>all</u> sixteen (16) cases recited on pages 3-4 of this Order; consolidate and then close the cases outlined in paragraph 2 (pages 6-7) of this Order, <u>supra</u>; terminate all motions pending in the individual case dockets related to consolidation; and change the caption of Case No. 21-CV-0678 to "<u>In re Hain Celestial Heavy Metals Baby Food Litigation</u>"

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May 13, 2021
        Central Islip, New York