**POLLOCK | COHEN LLP**
60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

*CONTACT:*
Christopher Leung
Chris@PollockCohen.com
(917) 985-3995

June 25, 2021

**VIA ECF**

Hon. Joanna Seybert
U.S. District Judge
U.S.D.C., Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

>       Re:   *Michelle Walls et al. v. Beech-Nut Nutrition Company et al.*, No. 1:21-cv-00870-JS-AYS (E.D.N.Y.); *In re Hain Celestial Heavy Metals Baby Food Litigation*, No. 2:21-cv-00678-JS-AYS (E.D.N.Y.)

Dear Judge Seybert,

Our firm represents the plaintiffs Michelle Walls and N.W. in the action entitled *Walls et al. v. Beech-Nut Nutrition Company et al.*, No. 1:21-cv-00870-JS-AYS (E.D.N.Y.). We are writing (a) to request the consolidation of the *Walls* action with *In re Hain Celestial Heavy Metals Baby Food Litigation*, No. 2:21-cv-00678-JS-AYS (E.D.N.Y.) ("Consolidated *Hain* Action" or "*Hain* Action"), consistent with the parties' filed stipulation and proposed order, *see* ECF No. 47 (*Walls* Action); and (b) to support the application of Cohen Milstein Sellers & Toll PLLC and the Gibbs Law Group LLP to serve as interim lead counsel in the *Hain* Action, *see* ECF Nos. 62 & 94 (*Hain* Action).

   I.   Request to Consolidate

As this Court is aware, the *Walls* complaint currently alleges consumer protection and product liability / personal injury claims against five baby food manufacturers, including the Hain Celestial Group Inc.—i.e., the company at the center of the Consolidated *Hain* Action. This Court previously declined to consolidate the *Walls* action, but allowed plaintiffs to renew their request upon any severance or transfer motion, or else through a letter request for reassignment. *See* Consolidation Order (ECF No. 47) (*Hain* Action).

On June 7, 2021, the Judicial Panel on Multidistrict Litigation denied a request to centralize similar actions pending across the country. *See* Order Denying Transfer, *In re: Baby Food Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2997. This Court then granted the *Walls* plaintiffs' request to be designated as an interested party to the Consolidated *Hain* Action, and denied without prejudice their request to submit a motion to serve as interim lead counsel—i.e., until "such time as the *Walls* Action is severed and consolidated with the Consolidated Action." Elec. Order (June 9, 2021) (*Hain* Action).

Judge Seybert
June 25, 2021
Page 2 of 3

Following this Court's June 9 Order, the *Walls* plaintiffs began conferring with the defendants to discuss the process of amending plaintiffs' complaint and severing the non-Hain defendants. Specifically, the *Walls* plaintiffs intend to (a) allege only consumer protection claims, like those alleged in the Consolidated *Hain* Action; (b) sever the plaintiff N.W. and. exclude the non-Hain defendants; and (c) include additional plaintiffs residing in over 20 states, who have also purchased Hain's baby food products and whose claims are similar to those alleged in the *Hain* Action.

Consistent with the parties' stipulated agreement, these anticipated amendments will obviate the need for the non-Hain defendants to file motions to sever.

Accordingly, the *Walls* plaintiffs respectfully ask this Court to reassign their case to the Consolidated *Hain* Action. Upon the granting of this stipulated request and proposed order, plaintiffs will file an amended complaint within 14 days of such order.

II.  Support for Cohen Milstein and the Gibbs Law Group as Interim Lead Counsel

We also write to inform the Court that we have reconsidered our previously stated intention to submit an application to serve as interim lead counsel. Instead, we support the application submitted by Cohen Milstein and Gibbs Law, i.e., the *Albano* Attorneys. *See* ECF Nos. 62 & 94 (*Hain* Action).

The *Albano* Attorneys are well qualified to lead the Consolidated *Hain* Action, and will best protect the interest of the putative class(es).

Cohen Milstein, one of the largest plaintiff-side litigation firms in the country, has the resources and class action expertise to effectively advance the interests of the proposed class(es). Attorneys in Cohen Milstein's Consumer Practice Group have served in leadership positions in several consumer protection class actions with successful results for the class.[1] Geoffrey Graber and Douglas McNamara, the Cohen Milstein partners leading the firm's efforts in the Consolidated *Hain* Action, are both highly experienced attorneys in complex litigation and class actions, including in cases involving issues of false advertising and unfair or deceptive business practices, which are central to this case.[2]

---

[1] *See, e.g.*, *In re Anthem, Inc. Data Breach Litigation*, No. 5:15-md-2617-LHK (N.D. Cal.) (co-lead counsel, in case resulting in the then-largest data breach settlement in U.S. history); *In Re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices and Prods. Liab. Litig.*, No. 15-md-2627-AJT-MSN (E.D. Va.) (co-lead counsel, in a case resulting in $36 million settlement involving toxic flooring); and *Khoday v. Symantec Corp.*, No. 11-cv-00180-JRT-TNL (D. Minn.) (sole lead, in a case where defendant failed to disclose that a product was available for free, resulting in a $60 million settlement).

[2] *See, e.g.*, *In re Anthem, Inc. Data Breach Litigation*, No. 5:15-md-2617-LHK (N.D. Cal.); *Ariza, et al. v. Luxottica Retail N. Amer., Inc. d/b/a LensCrafters*, No. 1:17-cv-05216-PKC-RLM (E.D.N.Y.); *In re Apple Inc. Device Performance Litigation*, No. 18-md-2827-EJD (N.D. Cal.); *LLE One, LLC v. Facebook*, No. 4:16-cv-06232-JSW (N.D. Cal.); *DZ Reserve v. Facebook*,

POLLOCK | COHEN LLP

Gibbs Law is an experienced plaintiff-side law firm that has litigated dozens of consumer class actions, with substantial recoveries for classes. Rosemary Rivas, the Gibbs Law partner leading the firm's work in the Consolidated *Hain* Action, is an experienced complex consumer litigation attorney. Among 150 leadership applications, Ms. Rivas was selected to serve on the steering committee in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*, MDL No. 2672 (N.D. Cal.), which settled for over $14.7 billion dollars—the largest in the history of auto class actions. Most importantly, Ms. Rivas has substantial experience in leadership roles in class actions involving food labeling.[3]

The *Albano* Attorneys have already shown their dedication and capacity to invest substantial resources into this case. For example, the *Albano* Attorneys sought to transfer and consolidate all cases related to toxic heavy metals in baby food to the Eastern District of New York. While that motion was denied, the *Albano* Attorneys invested substantial resources into briefing and arguing the motion, which the *Walls* plaintiffs supported.

The *Albano* Attorneys also commissioned a laboratory to test the baby food products at issue in this case. Independent testing is a costly, but essential step to pursuing claims in this case. For while the U.S. House of Representatives Subcommittee report on toxic heavy metals in baby food revealed the defendant companies' test results on some of their respective products and ingredients, these results and testing protocols are incomplete and have not been independently verified.

The *Albano* Attorneys have furthermore consulted with several prospective experts, which has informed their approach to pursuing different claims and damages theories. They have also spoken to over 1,000 witnesses and proposed class members affected by the conduct at issue in this case.

In short, even before formal discovery has begun, the *Albano* Attorneys have shown their strong commitment to protecting the interests of class members like Michelle Walls. Accordingly, we write to support the application of Cohen Milstein and the Gibbs Law Group to serve as interim lead counsel.

Sincerely,

/s/ Christopher K. Leung

Christopher K. Leung

---

No. 4:18-cv-04978 (N.D. Cal.); *GCDC Grilled Cheese Bar The Hartford Financial Services Group, Inc.*, No. 1:20-cv-01094 (D.D.C.); *Mudpie, Inc. v. Travelers Casualty Insurance*, No. 3:20-cv-03213 (N.D. Cal., 9th Cir.).

[3] *See, e.g.*, *Pappas v. Naked Juice*, No. 2:11-cv-08276 (C.D. Cal.); *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability Litig.*, MDL No. 2887 (D. Kan.).

POLLOCK | COHEN LLP